**MAYER BROWN LLP**
A. JOHN P. MANCINI (*pro hac vice*)
jmancini@mayerbrown.com
OLENA V. RIPNICK-O'FARRELL (*pro hac vice*)
oripnick-ofarrell@mayerbrown.com
1221 Avenue of the Americas
New York, NY, 10020-1001
Telephone: (212) 506-2500
Facsimile:  (212) 262-1910

GRAHAM (GRAY) BUCCIGROSS (SBN 234558)
gbuccigross@mayerbrown.com
Two Palo Alto Square, Suite 300
3000 El Camino Real
Palo Alto, CA  94306-2112
Telephone: (650) 331-2000
Facsimile:    (650) 331-2060

Attorneys for Defendants
Alphabet Inc. and Google Inc.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK MAHON,<br><br>   Plaintiff,<br><br> v.<br><br>ALPHABET INC., et al.,<br><br>   Defendants | **Case No. 3:20-cv-01530-JD**<br><br>**DECLARATION OF GRAHAM (GRAY) M. BUCCIGROSS IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT UNDER FED. R. CIV. P. 12(B)(6)**<br><br>Hearing Date: May 21, 2020<br>Time: 10:00 a.m.<br>Courtroom: Courtroom 11, 19th Floor<br>Judge: Hon. James Donato |

I, Graham (Gray) M. Buccigross, hereby declare as follows:

1. I am an attorney licensed to practice before the courts of the State of California, and am admitted to practice in the Northern District of California. I am an associate with the law firm of Mayer Brown LLP, counsel for Defendants Alphabet Inc. and Google LLC in this action. I submit this declaration in support of Defendants' Motion to Dismiss First Amended Complaint Under Fed. R. Civ. P. 12(b)(6).

2. I make this declaration on my own personal knowledge and, if called upon as a witness to do so, I could and would competently testify as to the matters set forth herein.

3. Attached hereto as Exhibit A is a true and correct copy of the Superior Court of California, County of Santa Clara's March 5, 2019 Order Concerning Demurrer in *Nguyen v. Alphabet, Inc.*, No. 18cv335346.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 15th day of April 2020, in Menlo Park, California.

/s/ Graham (Gray) M. Buccigross
Graham (Gray) M. Buccigross

# EXHIBIT A

Decision on Submitted Matter

F I L E D
MAR - 5 2019
Clerk of the Court
Superior Court of CA County of Santa Clara
BY_____DEPUTY
M. Rosales

SUPERIOR COURT OF CALIFORNIA

COUNTY OF SANTA CLARA

| | |
|---|---|
| MAI-TRANG THI NGUYEN,<br><br>       Plaintiff,<br>v.<br><br>ALPHABET INC.,<br><br>       Defendant. | Case No.: 18cv335346<br><br>**ORDER CONCERNING DEMURRER** |

  Defendant Alphabet, Inc. ("Defendant" or "Alphabet") demurs to the complaint ("Complaint") filed by plaintiff Mai-Trang Thi Nguyen ("Plaintiff"). For the reasons below, the Court SUSTAINS the demurrer without leave to amend.

**I. BACKGROUND**

 **A. Factual**

  On July 23, 2018, Plaintiff had parked her car in a red zone near a Google office located in Sunnyvale when she was approached by two female Google security guards who proceeded to "harass" and "intimate" her. (Complaint, pp. 1-3.) One security guard purportedly approached Plaintiff and stood "in [the] middle of the sidewalk while [Plaintiff] was standing on the street in the middle of [her] car width," and said to Plaintiff that she "can't park here" because she was "parked in the red zone." (*Id*. at p. 3.) Plaintiff further alleges that the other security guard

1

"slowly shov[ed] her … presence towards [Plaintiff's] personal safety zone from another angle. (*Id.* at p. 4.) Plaintiff asserts that these encounters have caused her to experience an "escalated mental-distress," among other things. (*Id.* at p. 6.)

Based on the foregoing allegations, Plaintiff seeks a variety of remedies, including a "note of apology" from Google, Alphabet, the security guards and their supervisor. (Complaint, p. 7.) Additionally, Plaintiff demands "a check" from Alphabet to cover her court-related fees, including the cost of filing two restraining orders against the guards, "the court's fee-waiving cost," "e-filing cost plus card [sic] card interest," "servicing cost plus credit card interest," and "the printing cost plus credit card interest." (*Id.* at p. 8.) As an alternative to these remedies, Plaintiff envisions a "fight in the U.S. Supreme Court for a billion dollars." (*Id.* at p. 6.)

**B.    Procedural**

Plaintiff filed her Complaint on September 20, 2018, alleging that Defendant violated Penal Code section 653.2 by harassing and intimidating her. Four days prior to the initial deadline to respond to the Complaint (November 19), Defendant's counsel submitted for filing her declaration for an automatic extension to respond under Code of Civil Procedure section 430.41, stating that she was not able to meet and confer with Plaintiff. But because an incorrect box inadvertently was checked on the filing form, the Clerk's Office rejected the declaration. When the deadline for Defendant to file a response passed, Plaintiff submitted a request for entry of default on November 21.

On November 29, Defendant's counsel discovered for the first time that the Court had rejected her declaration and that entry of default was pending. Defendant subsequently filed an ex parte application seeking relief. On December 14, the Court granted Defendant's application, vacated the pending entry of default, and allowed Defendant to file a responsive pleading to the Complaint.

Defendant then filed this demurrer on December 17. Both sides filed briefs, and the Court heard oral argument on March 5, 2019. The Court took the matter under submission, and now issues this Order.

## II. MEET-AND-CONFER PROCESS

Plaintiff argues that Defendant did not properly meet and confer before filing this demurrer. After reviewing the record, the Court believes that Defendant sufficiently attempted to meet and confer with Plaintiff. (See Ton Decl., ¶ 2.) Even if the Court were to determine that the parties' meet-and-confer process was insufficient, that "shall not be grounds to overrule or sustain a demurrer." (Civ. Proc. Code § 430.41(a)(4).) The Court therefore will reach the merits of Defendant's demurrer.

## III. LEGAL ANALYSIS OF DEMURRER

Defendant argues that Plaintiff's only stated "cause of action" for violation of Penal Code section 653.2 must fail because: a) no private right of action exists under that statute; and b) Plaintiff fails to allege facts that could constitute a cause of action against Alphabet, which is the parent company of Google.

Penal Code section 653.2 relates to cyber harassment and provides that a person is guilty of a misdemeanor if she:

> with intent to place another person in a reasonable fear for his or her safety, or the safety of the other person's immediate family, by means of an electronic communication device, and without consent of the other person, and for the purpose of imminently causing that other person unwanted physical contact, injury, or harassment, by a third party, electronically distributes, publishes, e-mails, hyperlinks, or makes available for downloading, personal identifying information, including, but not limited to, a digital image of another person, or an electronic message of a harassing nature about another person, which would be likely to incite or produce that unlawful action ....

(Pen. Code, § 653.2, subd. (a).)

The provisions of the Penal Code do not provide a private right of action unless it is expressly set forth in the particular provision at issue. (See, e.g., *Animal Legal Def. Fund v. Mendes* (2008) 160 Cal.App.4th 136, 144 [holding no private right of action existed under Penal Code section prohibiting animal cruelty because the court was "not to create such a right" "in the

absence of [legislative] intent to provide a private right of action" under the section]; *Ellis v. City of San Diego* (9th Cir. 1999) 176 F.3d 1183, 1189 [affirming dismissal of claims predicated on violations of the California Penal Code "[b]ecause these code sections do not create enforceable individual rights"].)

Here, nothing in Penal Code section 653.2 suggests that violation of its provisions may be enforced by a private right of action. In any event, section 653.2 does not apply to the facts alleged in the Complaint, since the Complaint never mentions any "electronic communication device" use by either of the two security guards. Frankly, Plaintiff fails to allege sufficient facts demonstrating that Defendant violated *any* applicable law and does not allege any other statutory claim, common law tort or other legal cause of action to support her Complaint.

Turning to Defendant's remaining argument, the Court agrees that Plaintiff's Complaint lacks any allegations either targeting Alphabet specifically or establishing Alphabet's liability in its capacity as Google's parent corporation. A parent corporation is not liable for the acts of its subsidiary merely because it wholly owns that entity. (See *Roy Supply, Inc. v. Wells Fargo Bank, N.A.* (1995) 39 Cal.App.4th 1051, 1076.) Liability on the parent must be based upon either the breach of a separate duty owed by the parent to the plaintiff, or upon a showing that the subsidiary is the alter ego of the parent, and it would be inequitable to recognize its corporate separateness. (*Id.*) Plaintiff has pleaded no facts demonstrating Alphabet's liability under either of these circumstances and thus, even if she had stated a cognizable claim, would not have stated one against Alphabet in particular.

## III.   CONCLUSION

There is no reasonable possibility that Plaintiff will be able to fix the Complaint's many problems if given leave to amend. (See *Lantzy v. Centex Homes* (2003) 31 Cal.4th 363, 386.) Therefore, the Court SUSTAINS the demurrer without leave to amend.

**IT IS SO ORDERED.**

Date: 3/5/19

The Honorable Sunil R. Kulkarni
Judge of the Superior Court